PATTERSON, Justice:
Appellants, Negroes, were indicted by a grand jury of Claiborne County for the crime of shooting into a house in violation of Mississippi Code 1942 Annotated section 2086.5 (Supp.1966).
Prior to their entry of pleas of not guilty, the appellants moved the court to quash the grand jury indictment on the ground of systematic exclusion of Negroes from the grand jury. The following day, January 4, prior to trial, a similar motion was made to quash the petit jury. At the hearing on this motion the record of the hearing on the motion to quash the venire in the case of Watts v. State, 196 So.2d 79 (Miss.1967), was incorporated in its entirety in the record of the case at bar since the grand and petit juries in it were drawn from the same jury list which was condemned in Watts. We are of the opinion that the case at bar is controlled by Watts and that the defendants were improperly indicted as there was long-continued systematic exclusion of Negroes from the grand jury.
This holding will necessitate the case being reversed and remanded to the lower court for appropriate action.
The appellants urge the Court to hold, by another assignment of error, that the evidence offered by the State was insufficient to establish the guilt of the appellants and that the case should be reversed and the defendants acquitted. Though we are somewhat perplexed as to how the defendants could be acquitted of a criminal charge of which they have not been indicted, nevertheless we have carefully considered the record and it is our opinion, conceding for the purposes of this opinion, that the evidence offered pursuant to a void indictment is competent, that there was sufficient evidence offered by the State to withstand the motion of the appellants for a directed verdict.
The appellants next urge upon the Court that the lower court erred in permitting the petit jury to view the house and premises of the prosecuting witness during which time one of the jurors extracted a shotgun pellet embedded in the wall of the dwelling. This Court in Armstrong v. State, 179 Miss. 235, 244, 174 So. 892, 894 (1937), approved the lower court’s action in allowing a jury to view an automobile in a homicide case stating, among other things, the following:
But in the case at bar, we do not think it amounts to reversible error, for here the view was important because it was impossible by diagrams and pictures to disclose the position of the car door with reference to the range of the bullet which passed through the windshield, and that such evidence was very helpful to the jury in determining the true facts is unquestionable.”
The great danger where there is a visual inspection of the scene by a jury and the evidence in the case is conflicting, the power of the court to review the sufficiency of the evidence is seriously hampered, if not completely thwarted, as there is no record made of that which was viewed by the jury. We do not decide this assignment of error, but we do state in passing that great caution should be used by the trial courts in permitting a jury to “view the scene” in criminal cases.
Reversed and remanded.
GILLESPIE, P. J., and RODGERS, BRADY, and SMITH, JJ., concur.